**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAY DEAN MCHAM,

Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden,

Respondent-Appellee.

No. 07-6082
(D.C. No. CIV-06-1355-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Petitioner Ray Dean McHam was charged with first-degree (malice aforethought) murder but ultimately convicted of first-degree (heat of passion) manslaughter following a trial in Oklahoma. On direct appeal, he challenged, among other things, the trial court's decision to instruct the jury, *sua sponte* and over his counsel's objection, on the lesser included offense of manslaughter. The

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma Court of Criminal Appeals rejected this argument and affirmed his conviction. *See McHam v. State*, 126 P.3d 662 (Okla. Crim. App. 2005). He subsequently raised the same claim (and others) in an application for habeas relief, which was denied by the district court. He now seeks a certificate of appealability (COA) to challenge the district court's decision solely as to the lesser-offense issue. Because he has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss this appeal.

The state court found the evidence sufficient to support the challenged instruction, *McHam*, 126 P.3d at 668-70, and Mr. McHam does not contest that point. Rather, he contends that *sua sponte* use of the instruction, over defense objection, violated due process in two respects: (1) interjection of a manslaughter alternative to the murder charge "denied his right to pursue an 'all or nothing approach' strategy in his defense"; and (2) because the matter was introduced at the instruction stage, he "never had the opportunity to defend against the manslaughter charge." Aplt. Opening Br. at 2. The district court rejected the first objection on the basis that, because "[n]o Supreme Court decision has recognized a right of a defendant to waive [i.e., to preclude] the giving of a lesser included offense instruction to the jury," the OCCA's legal determination "that Petitioner had no [such] right . . . is not contrary to, or an unreasonable application of, clearly established Supreme Court jurisprudence," as required for habeas relief

under 28 U.S.C. § 2254(d).[1]  R. doc. 17, at 12-14 (Magistrate Judge Report and Recommendation); *id.* doc. 19 (Order Adopting Report and Recommendation).  In short, the district court properly enforced the "absolute prerequisite" for habeas relief "that the asserted constitutional right on which [the petitioner's claim] rests derive in clear fashion from Supreme Court precedent."  *Carter v. Ward*, 347 F.3d 860, 863 (10th Cir. 2003).  Our review for a COA is constrained by the same prerequisite, *Dockins v. Hines*, 374 F.3d 935, 937-38 (10th Cir. 2004), and in light thereof we hold Mr. McHam has not shown, as he must, that "reasonable jurists could debate whether [he] might be eligible for habeas relief" on the claim asserted, *id.* at 937.  *Cf., e.g.*, *Tiger v. Workman*, 445 F.3d 1265, 1268 (10th Cir. 2006) (denying COA for claim asserting constitutional right to particular lesser included offense instruction where Supreme Court had never recognized right).

As for the second objection, there is no doubt of a defendant's right to notice of, and meaningful opportunity to defend against, the offense(s) of which he stands in jeopardy.  *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Hain v. Gibson*, 287 F.3d 1224, 1231 (10th Cir. 2002).  But "[i]t is axiomatic that an indictment [or charging information] for one crime carries with it notice that lesser offenses included within the specified crime are also charged and must be

---

[1]     Mr. McHam attempts to fill this gap by citing *Spaziona v. Florida*, 468 U.S. 447 (1984).  But *Spaziona* holds that the defense has no right to receive an instruction on a lesser offense barred by the statute of limitations, *id.* at 454-57, not that the defense has a right to preclude lesser offense instructions warranted by the law and evidence.

defended against." *Mildwoff v. Cunningham*, 432 F. Supp. 814, 817 (S.D.N.Y. 1977) (citing cases); *see also United States v. No Neck*, 472 F.3d 1048, 1053 n.5 (8th Cir. 2007); *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000); *Fransaw v. Lynaugh*, 810 F.2d 518, 529 (5th Cir. 1987). We explicitly recognized this point in *Bibbee v. Scott*, No. 98-6445, 1999 WL 1079597, at **4 (10th Cir. Nov. 29, 1999) (unpub.) (holding petitioner received sufficient notice of lesser included offense, for due process purposes, from indictment on greater offense). As it was established in Oklahoma at the time of trial that heat-of-passion manslaughter was available as a lesser offense of first degree murder, *see Shrum v. State*, 991 P.2d 1032, 1037 (Okla. Crim. App. 1999), defense counsel should have known that the former was legally implicated from the outset and that the State could interject it into the case. Moreover, the factual circumstances of the homicide, as well as Mr. McHam's own theory of self-defense, made a heat-of-passion manslaughter instruction so particularly apt under state law as to preclude any unfair surprise when the instruction was proposed. *See McHam*, 126 P.3d at 668-69. Reasonable jurists could not debate the lack of merit in Mr. McHam's due process claim.

Finally, Mr. McHam argues at length that the trial court violated a state procedural constraint when it instructed on the lesser offense *sua sponte* and that the OCCA deviated from precedent in approving the practice. Specifically, he asserts that the OCCA had previously held in *Shrum* that such an instruction may be given over defense objection only if the prosecution insists, which it did not do

here. But "federal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation." *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002). And, as we have seen, due process guarantees are not directly implicated by the practice followed in Mr. McHam's trial. Thus, review here "is limited, at most, to determining whether the state court's [ruling] was so arbitrary or capricious as to constitute an independent due process" violation. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see Bagby v. Sowders*, 894 F.2d 792, 794-95 (6th Cir. 1990); *see also Willingham v. Mullin,* 296 F.3d 917, 923 (10th Cir. 2002).

Nothing of the sort occurred here. Admittedly, *Shrum* could be read as suggesting that the defendant has a right to preclude *sua sponte* instructions on lesser offenses, by (a) holding that if the State requests, such an instruction may be given over defense objection so long as the defense had notice that the lesser offense was implicated, 991 P.2d at 1037, while (b) stating that "if the trial court *sua sponte* proposes a lesser included offense instruction[,] . . . the defendant shall have the right to affirmatively waive any lesser included offense instruction that the evidence supports and proceed on an all or nothing approach," *id.* at 1036 (quotation omitted). In Mr. McHam's case, however, the OCCA took pains to explain that the latter dicta did not "establish any absolute right on the part of the defense to 'bar' lesser-offense instructions that are otherwise warranted by the evidence," *McHam*, 126 P.3d at 669, and to "clarify *Shrum* by holding that while

-5-

a defendant is free to adopt an 'all or nothing' strategy with regard to any lesser-offense alternatives, the trial court is not bound by that strategy, and may instruct *sua sponte* on any lesser-related offense it believes to be supported by the evidence, without any formal request by the State," *id.* at 670. We know of no authority remotely suggesting that a court acts arbitrarily in clarifying (or indeed reconsidering and overruling) its precedent in such judicious fashion.

The application for a certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge