FILED
United States Court of Appeals
Tenth Circuit

April 7, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NATHANIEL PATTERSON,

  Petitioner-Appellant,

v.

JUSTIN JONES, Director,

  Respondent-Appellee.

No. 10-6208
(D.C. No. 5:09-CV-01105-F)
(W.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Nathaniel Patterson, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Patterson is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr.

Patterson's application for a COA and dismiss his appeal.

## BACKGROUND

Following a jury trial, Mr. Patterson was convicted in Oklahoma state court

of two drug charges: trafficking in illegal drugs, in violation of Okla. Stat. tit. 63,

§ 2-415, and possession of a controlled dangerous substance, in violation of Okla.

Stat. tit. 63, § 2-401. The Oklahoma Court of Criminal Appeals ("OCCA")

upheld his conviction. Mr. Patterson then filed a state post-conviction

application, which the state district court denied. He appealed from this decision,

and the OCCA dismissed his appeal as untimely filed.

Mr. Patterson then filed the underlying § 2254 application in the United

States District Court for the Western District of Oklahoma, asserting six grounds

for relief.[2] In a thorough and well-reasoned report and recommendation, the

---

[2] The six grounds may be summarized as follows:

(1) Oklahoma's drug trafficking statute under which Petitioner was convicted, Okla. Stat. tit. 63, § 2-415, is unconstitutional; (2) the trial court erred by failing to instruct the jury that Petitioner was not eligible for good time credits; (3) prosecutorial misconduct deprived Petitioner of a fundamentally fair trial; (4) Petitioner's sentence is excessive; (5) the cumulative effect of errors deprived Petitioner of a fundamentally fair trial; and (6) Petitioner was denied the Sixth Amendment right to the effective assistance of appellate counsel.

*Patterson v. Jones*, No. 5:09-CV-01105-F, 2010 WL 3327561, at *1 (W.D. Okla.
(continued...)

magistrate judge concluded that Mr. Patterson was not entitled to habeas relief on any of his six claims and recommended dismissal of his application. The district court adopted the Report and Recommendation in its entirety, dismissed Mr. Patterson's § 2254 application, and denied his request for a COA. Mr. Patterson now seeks a COA from this court.

## DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA only if the applicant "makes a 'substantial showing of the denial of a constitutional right.'" *Clark*, 468 F.3d at 713 (quoting 28 U.S.C. § 2253(c)(2)). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El*, 537 U.S. at 327) (internal quotation marks omitted). Because the state courts resolved Mr. Patterson's claims on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires us to incorporate a "deferential treatment of

---

[2](...continued)
June 29, 2010).

3

state court decisions" into our assessment of his application for a COA. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004); *see* 28 U.S.C. § 2254(d)(1)–(2).

Apparently, Mr. Patterson intends to reassert the six claims he raised before the district court in his application for a COA. However, the "Statement of Issues and Arguments" section of his application states in its entirety: "Petitioner believes that the district court misconstrued the facts and applied an erroneous conclusion of law. Petitioner adopts and reiterates *all* propositions set forth in his Petition and Supporting Brief for [a] writ of habeas corpus pursuant to 28 U.S.C. 2254, and Fed. R. Civ. P. 10(c) by a person in state custody." Aplt.'s Combined Opening Br. & COA Appl. at 3.

Mr. Patterson does not specifically list the issues he seeks to appeal and fails to discuss the district court's resolution of any of his habeas claims, much less explain how reasonable jurists could debate the correctness of the court's decision. Accordingly, we conclude that all six claims have been waived. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding that the appellant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal"); *see also Thomas v. Frech*, 400 F. App'x 315, 317 (10th Cir. 2010) (holding that the appellant waived his claims on appeal because his "opening brief contain[ed] no substantive arguments pertaining to [his claims]," and he could not "incorporate the arguments set forth" in his filings with the district court), *cert. denied*,

__S. Ct.__, 2011 WL 163436 (2011).

Mr. Patterson cannot avoid the consequences of his inadequate appellate briefing by incorporating his district court filings. That is, he is not permitted to "adopt[] and reiterate[] *all* [the] propositions set forth in his Petition and Supporting Brief for [a] writ of habeas corpus" *in lieu of* addressing those "propositions" in his appellate filing. *See Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006) (holding that the appellant could not incorporate district court filings into his appellate brief by reference, and that his "pro se status d[id] not except him from such established rules"); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) (stating that it is not "acceptable argument" for plaintiffs to "attempt to adopt the materials they filed in the district court rather than setting forth in their appellate brief their quarrel with the district court's reasoning"); *see also* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved . . . .").

Because Mr. Patterson has waived his claims on appeal, he has failed to make "a substantial showing of the denial of a constitutional right" and is not entitled to a COA. *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted).

**CONCLUSION**

Based on the foregoing, we **DENY** Mr. Patterson's application for a COA
and **DISMISS** his appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge