FILED
United States Court of Appeals
Tenth Circuit

May 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUSTO COLUMBIE ARGOTA,

Petitioner-Appellant,

v.

DAVID MILLER, Warden,

Respondent-Appellee.

No. 10-6251
(D.C. No. 5:10-CV-00344-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Justo Columbie Argota, an Oklahoma state prisoner proceeding pro se,[1]

appeals from the district court's denial of his petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254.  Mr. Argota requests a certificate of

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Argota is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

appealability ("COA") from this court.  Mr. Argota also requests leave to proceed

*in forma pauperis* ("IFP") on appeal.  Exercising jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a), we deny Mr. Argota's application for a COA, deny his

renewed motion to proceed IFP, and dismiss his appeal.

## BACKGROUND

In early 2007, following a jury trial in the district court of Texas County,

Oklahoma, Mr. Argota was convicted of attempted murder, sentenced to twenty

years in prison, and ordered to pay a $10,000 fine.  The Oklahoma Court of

Criminal Appeals ("OCCA") affirmed Mr. Argota's conviction and sentence on

direct appeal.  Mr. Argota subsequently filed an application for post-conviction

relief, which the state trial court denied.  The OCCA affirmed the trial court's

denial of Mr. Argota's post-conviction application.

Mr. Argota then filed a federal habeas petition under 28 U.S.C. § 2254 in

the United States District Court for the Western District of Oklahoma in which he

alleged nine grounds for relief including, *inter alia*, ineffective assistance of

counsel, denial of his right to due process, and erroneous jury instructions.[2]  The

---

[2]     The magistrate judge summarized Mr. Argota's claims:

Petitioner raises nine grounds for relief.  In Ground One, he
contends that he was denied due process of law because the State
did not proffer sufficient evidence to show that he possessed the
requisite intent to kill his victim.  Petition, 6.  In Ground Two,
Petitioner alleges that he was denied effective assistance of trial
counsel because his trial counsel "labored under an actual
(continued...)

2

district court referred Mr. Argota's petition to a magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the court deny the habeas petition. The district court adopted the magistrate judge's Report and Recommendation in its entirety and denied Mr. Argota's habeas petition. Mr. Argota then filed an application for a COA and a motion to proceed IFP on appeal, both of which the district court denied.

Mr. Argota now seeks a COA from this court, alleging that the district court erred in denying his § 2254 petition and in refusing to issue a COA. Mr.

---

[2](...continued)
> conflict of interest" which prejudiced Petitioner. Petition, 7. In Ground Three, Petitioner claims that he was denied due process of law when the trial court abused its discretion, rendering his trial unfair. Petition, 10. In Ground Four, Petitioner argues that he was denied effective assistance of counsel. Petition, 10. In Ground Five, Petitioner contends that the trial court's admission of improper jury instructions denied him his right to a fair trial and due process of law. Petition, 11. In Ground Six, Petitioner raises a *Batson* claim, alleging that the State peremptorily struck potential jurors for improper motives. Petition, 11. In Ground Seven, Petitioner claims that his appellate counsel rendered ineffective assistance of counsel by failing to raise "meritorious issues" which he raised in his application for post-conviction relief. Petition, 11a. In Ground Eight, Petitioner argues that he was denied his right to consular assistance as guaranteed under the Vienna Convention on Consular Relations ("Vienna Convention"). Petition, 11a. In Ground Nine, Petitioner contends that he was denied due process of law because he was not provided trial transcripts at the State of Oklahoma's expense. Petition, 11b.

R., Vol. 1, at 5–6 (Report & Recommendation, filed Aug. 25, 2010) (footnote omitted).

Argota also renews his motion to proceed IFP on appeal.

**DISCUSSION**

"A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). To obtain a COA, an applicant must make a "substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In determining whether to grant a COA, this court conducts an "overview of the claims in the habeas petition and a general assessment of their merits." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 336) (internal quotation marks omitted). However, "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of th[ose] claims." *Id.* (same).

At the outset, we decline to consider Mr. Argota's first eight claims for relief, as he seeks to incorporate those claims wholesale in his combined opening brief and COA application merely by referencing the § 2254 habeas petition that he filed in the district court. Aplt. Combined Opening Br. & Appl. for COA at 4

4

(noting simply that Mr. Argota "adopts, affirms, and reasserts all arguments advanced in his petition for writ of habeas corpus filed . . . in the United States District Court"). Under the rules of this circuit, "[i]ncorporating by reference portions of lower court or agency briefs or pleadings is disapproved." 10th Cir. R. 28.4. In the context of our consideration of Mr. Argota's COA application, where his incorporation is so sweeping, we perceive no good cause for treating this general disapproval as anything less than an outright prohibition. *See Wardell v. Duncan*, 470 F.3d 954, 964 (10th Cir. 2006) (holding that the appellant could not incorporate district court filings into his appellate brief by reference, and that his "pro se status d[id] not except him from such established rules"); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) ("Like other circuit courts, we do not consider [incorporation by reference] acceptable argument."); *see also Patterson v. Jones*, No. 10-6208, 2011 WL 1314035, at *2 (Apr. 7, 2011) (unpublished order) ("Mr. Patterson cannot avoid the consequences of his inadequate appellate briefing by incorporating his district court filings.").

This is not an exercise of bureaucratic hypertechnicality. Mr. Argota carries the burden of demonstrating that reasonable jurists could at least debate the correctness of the district court's resolution his claims. Through such wholesale incorporation of his arguments before the district court, he does not even begin to carry this burden. In particular, he asks us to examine the details of

5

eight claims without even identifying for our consideration any alleged errors in the district court's fact-finding or legal analysis. This is unacceptable. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding that the appellant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal"); *see also Thomas v. Frech*, 400 F. App'x 315, 317 (10th Cir. 2010) (holding that the appellant waived his claims on appeal because his "opening brief contain[ed] no substantive arguments pertaining to [his claims]," and he could not "incorporate the arguments set forth" in his filings with the district court), *cert. denied*, 131 S. Ct. 1688 (2011). We decline to fashion arguments for Mr. Argota. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ( "[W]hile we hold pro se litigants to a less stringent standard, it is not the proper function of the district court to assume the role of advocate for the pro se litigant."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (same); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

Mr. Argota justified his incorporation by reference through a citation to Federal Rule of Civil Procedure 10(c), which provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." However, Mr. Argota has not offered any argument

6

for why we should deem this federal rule of civil *trial* practice applicable at all in this *appellate* context. And we perceive no readily apparent reason why this rule is apposite in this context. Indeed, even where its provisions are unquestionably controlling, there is considerable question whether Rule 10(c) would authorize incorporation of allegations in pleadings filed in litigation in *another* court, even involving the same parties. *See Tex. Water Supply Corp. v. R.F.C.*, 204 F.2d 190, 196 (5th Cir. 1953) ("Rule 10(c), Federal Rules of Civil Procedure, permits references to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a cross-claim in a separate action in a different court by mere reference."). Therefore, Mr. Argota's reliance on Rule 10(c) in this proceeding is unavailing.[3]

We also decline to reach the merits of Mr. Argota's ninth claim. Specifically, in his habeas petition, Mr. Argota framed his claim this way: "State courts' refusal to provide transcripts at state expense for perfection of pending application for post[-]conviction relief deprived petitioner of due process, where application was properly filed and petitioner demonstrated courts' need for

---

[3] In an abundance of caution, we have nonetheless carefully considered Mr. Argota's petition, the magistrate judge's Report and Recommendation, the district court's order adopting it, and the relevant law. If we were to reach the merits of Mr. Argota's incorporated claims, we would have no difficulty concluding for substantially the same reasons articulated by the magistrate judge and adopted by the district court that Mr. Argota has not made a substantial showing of the denial of a constitutional right and, thus, no relief would be warranted.

7

petitioner to cite to the record." Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus at 12, *Argota v. Miller*, No. 5:10-CV-00344-F (W.D. Okla. Apr. 6, 2010). Thus, Mr. Argota contended that the Oklahoma courts wrongly denied him access to a free transcript of his state trial proceedings for use in his *state* post-conviction proceedings. The magistrate judge also interpreted Mr. Argota's claim as embodying another argument familiar to our court. *See* R., Vol. 1, at 35. It read Mr. Argota as also contending that "he cannot adequately fashion a § 2254 petition because the state has denied him access to a trial transcript." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam); *see Hines v. Baker*, 422 F.2d 1002, 1006 (10th Cir. 1970) ("Hines argues that as an indigent he is deprived of a transcript of the original New Mexico criminal trial proceedings for use in his federal habeas corpus case, and has therefore been denied equal protection in violation of his federal constitutional rights."); *see also Sweezy v. Ward*, 208 F.3d 227, 2000 WL 192904, at *1 (10th Cir. Feb. 17, 2000) (unpublished table decision) (noting that petitioner claims that "he is entitled to the transcripts and records of his trial to search for possible additional grounds for relief in his habeas petition, and that Oklahoma's practice of denying transcripts to indigent prisoners seeking habeas relief is unconstitutional"). The district court rejected both of these contentions on the merits.

However, on appeal, Mr. Argota frames his argument differently.[4] Specifically, he states: "Petitioner believes that he is being denied due process and . . . a full and fair opportunity to *litigate his habeas petition* where the Respondent was not required to provide him with the same documents Respondent provided the Court for consideration of his habeas claims." Aplt. Combined Opening Br. & Appl. for COA at 3(b) (emphasis added). By "the same documents," Mr. Argota is referring to complete transcripts and other records of the state court proceedings, which the State filed with the district court. Thus, on appeal, Mr. Argota is not alleging any constitutional defect in the *state* post-conviction proceedings with respect to Oklahoma's denial of transcripts or other state court records. Nor is he alleging that Oklahoma's denial of a free transcript

---

[4] Even if it were possible to construe Mr. Argota's ninth claim *on appeal* as asserting—albeit unartfully—the second argument discussed, *supra*, regarding the state's alleged unconstitutional impairment of his ability to prepare his § 2254 petition, which the magistrate judge and the district court addressed on the merits, Mr. Argota could not succeed in securing a COA. We would reject that argument for substantially the same reasons articulated by the magistrate judge and adopted by the district court. In particular, the magistrate judge found that there was no evidence that Mr. Argota ever requested a free and complete copy of the transcripts and other records of the state court proceedings from the State of Oklahoma for use in his § 2254 proceedings, and Mr. Argota does not dispute this finding before us. Moreover, Mr. Argota has not identified claims that he has been unable to assert due to the lack of access to complete copies of the state court records or claims that he did assert which have been prejudicially affected by his lack of such access. Accordingly, we would conclude that Mr. Argota could not make a substantial showing of a denial of a constitutional right.

9

unconstitutionally prevented him from effectively *preparing* his § 2254 petition.[5]

Rather, Mr. Argota is challenging the district court's failure in his *federal* habeas proceedings to direct the State to provide him with the same complete set of state court documents that the State filed with the court, so that he can effectively *litigate* in favor of his petition.

Even assuming, *arguendo*, Mr. Argota could have properly presented this argument as a habeas claim in his petition,[6] he did not do so.  Therefore, we will not consider it—*viz.*, it is waived.  *See, e.g.*, *Parker v. Scott*, 394 F.3d 1302, 1327

---

[5]     Indeed, in defining the nature of his claim—specifically, explaining what it was *not* about—Mr. Argota expressly acknowledged by way of contrast our cases "h[olding] that an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error," *Ruark*, 958 F.2d at 319, to raise in a habeas petition.  *See* Aplt. Combined Opening Br. & Appl. for COA at 3(a) ("It is well established that a habeas petitioner does not have a constitutional right to a transcript in order to search for error.").  Mr. Argota was no doubt aware that the magistrate judge employed this holding to Mr. Argota's detriment in recommending that the district court reject his ninth claim.  *See* R., Vol. 1, at 36 ("Petitioner is arguing that he needs a copy of the transcript to search for error.  Such naked allegations are not cognizable under § 2254, and this Court is not compelled to allow Petitioner to conduct a search for error." (alterations omitted) (quoting *Sweezy*, 2000 WL 192904, at *1) (internal quotation marks omitted)).

[6]     *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (describing a habeas claim for purposes of 28 U.S.C. § 2244(b) as "an asserted federal basis for relief from a state court's judgment of conviction"); *id.* at 532 n.4 ("We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).  When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim."); *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (discussing *Gonzalez* and noting that "a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition").

10

(10th Cir. 2005) ("Parker raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition."); *see also Teniente v. Wyo. Atty. Gen.*, No. 10-8033, 2011 WL 14467, at *2 n.1 (10th Cir. Jan. 5, 2011) ("Mr. Teniente did not raise this argument in his habeas petition, however.  Accordingly, Mr. Teniente has waived this claim." (citation omitted)).[7]

---

[7]    Although we have construed them liberally, Mr. Argota's arguments regarding his lack of access to complete copies of records of his state court proceedings are problematic in another way.  At one point, Mr. Argota disclaims the intention of raising a constitutional issue before us: "Petitioner . . . in this case does not rely upon the Constitution as the basis for his request.  Rather, Petitioner relies on Rule 5 of the Supreme Court's Rules Governing Section 2254 Cases in the United States District Courts."  Aplt. Combined Opening Br. & Appl. for COA at 3(b).  It goes without saying, however, that if Mr. Argota does not rely on an alleged violation of the U.S. Constitution—but rather an alleged violation of a federal rule—he cannot make a substantial showing of a violation of a *constitutional* right, which is required for issuance of a COA.  *See, e.g.*, *Allen*, 568 F.3d at 1199.

In any event, Mr. Argota's Rule 5(c) argument is without merit.  Mr. Argota contends that the State has run afoul of Rule 5(c), which provides in relevant part: "The respondent must attach to the answer parts of the transcript that the respondent considers relevant."  Rules Governing Section 2254 Cases, R. 5(c).  In its response brief, filed with the district court *and* served on Mr. Argota, the State did exactly that.  As attachments to its response brief, the State attached state court filings and court orders, and also what it explicitly noted were relevant portions of the transcript of state court proceedings.  In addition to doing this, the state *also* filed with the district court complete copies of transcripts and other state court documents.  Mr. Argota contends that by taking that extra step the State "conceded" that "the entire trial records and transcripts is [sic] relevant due to the nature of Petitioner's claims and the standard of review required of the Court," and thus the State was obliged under Rule 5(c) to also provide him with copies of these complete documents.  Aplt. Combined Opening Br. & Appl. for COA at 3(a).  We decline to read such a concession into the State's seemingly

(continued...)

11

In sum, having concluded that all of Mr. Argota's claims are waived, we hold that he has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we deny Mr. Argota's application for a COA. *See Allen*, 568 F.3d at 1199; *Slack*, 529 U.S. at 484. We also deny Mr. Argota's renewed motion to proceed IFP on appeal, as he has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Argota's application for a COA, **DENY** his request to proceed IFP, and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[7](...continued)
conscientious efforts to ensure that the district court had ready access to all materials that *the court* might consider relevant to the disposition of Mr. Argota's claims. The State complied with Rule 5(c) when it attached to its response brief those items that *the State* considered relevant. Absent a court order, it was not required to do more. *See* Rules Governing Section 2254 Cases, R. 5(c) ("The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.").