**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ULYSSES JACQUES JOHNSON
BUSH,

     Petitioner - Appellant,

v.

JOE ALLBAUGH, DOC Director,

     Respondent - Appellee.

No. 17-6253
(D.C. No. 5:17-CV-00803-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Ulysses Jacques Johnson Bush, an Oklahoma state prisoner, seeks a certificate of

appealability (COA) to challenge the district court's denial of habeas relief under

28 U.S.C. § 2254. *See id.* § 2253(c)(1)(A) (stating that no appeal may be taken from a

final order denying a § 2254 application unless the petitioner obtains a COA). We deny a

COA and dismiss this matter.

## I.  **BACKGROUND**

An Oklahoma jury convicted Mr. Bush of possessing a controlled substance

(methamphetamine) with intent to distribute and possessing a firearm after having been

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

previously convicted of a felony. He was sentenced to concurrent prison terms of 45 years on the drug count and 10 years on the weapons count. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentences, rejecting 14 claims of error. Mr. Bush did not pursue post-conviction relief in state court, but he filed a § 2254 application in federal court, raising the same 14 claims rejected by the OCCA. A federal magistrate judge evaluated each claim and recommended that relief should be denied. Over Mr. Bush's objections, the district court adopted the magistrate judge's report and recommendation, denied the § 2254 application, and refused to issue a COA. Mr. Bush now seeks a COA from this court, reasserting the same 14 claims—verbatim—that he presented to the district court.

## II. DISCUSSION

### A. *Legal Standards*

"A state prisoner needs a COA to appeal a denial of federal habeas relief." *Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. If state court proceedings adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). We presume a state court's factual findings are correct unless the applicant rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006).

## B. *Analysis*

Mr. Bush seeks a COA on the same 14 claims rejected by the OCCA on direct appeal and denied by the district court on federal habeas review. His COA application is essentially a copy of the § 2254 application that he filed in the district court. The main distinguishing feature is that it prefaces his claims by stating "that his conviction is constitutionally infirm because **(See Exhibit A)**." COA App. at ii. But the attached "Exhibit A" is only a cover sheet for his § 2254 application, followed by a statement of jurisdiction and the table of contents from Mr. Bush's direct appeal brief to the OCCA. *See id.* Ex. A. Although Mr. Bush also asserts, as a general matter, that he has satisfied the COA standards, *see id.* at ii, the rest of his COA application is an identical copy of his § 2254 application that he filed in the district court, including the table of contents, the

3

table of authorities, the statements of facts, and the same 14 claims. *Compare id.* at iii-10, *with* R., Vol. 1 at 5-20.

"[Mr. Bush] carries the burden of demonstrating that reasonable jurists could at least debate the correctness of the district court's resolution [of] his claims. Through such wholesale incorporation of his arguments before the district court, he does not even begin to carry his burden." *Argota v. Miller*, 424 F. App'x 769, 771 (10th Cir. 2011) (unpublished); *see id.* (holding that COA applicant waived his arguments on eight claims by merely referencing his § 2254 application and incorporating those claims into his COA application).[1] Indeed, by relying on the very same arguments presented in his § 2254 application, Mr. Bush fails to identify any reasonably debatable aspect of the district court's decision.

To the extent we can liberally construe Mr. Bush's pro se materials as generally asserting that he satisfies the COA standards, we will not repeat the magistrate judge's extensive and well-reasoned 43-page report and recommendation, which the district court adopted. We have studied the record, however, along with the OCCA's opinion, the relevant legal authority, and Mr. Bush's COA application, and we conclude that reasonable jurists would not debate the district court's denial of relief for substantially the same reasons stated in the magistrate judge's report and recommendation. Our conclusion is premised on an "overview of the claims in the habeas petition and a general assessment of their merits," *Miller-El*, 537 U.S. at 336, which we summarize as follows:

---

[1] We may consider non-precedential, unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

4

1. *Claims 1 & 2—Fourth Amendment*

In claims one and two of his § 2254 application, Mr. Bush claimed that his arrest and the search of the truck he was riding in just before his arrest violated the Fourth Amendment. The magistrate judge concluded, however, after reciting the extensive state proceedings implicating these claims, that they were foreclosed by *Stone v. Powell*, which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," 428 U.S. 465, 494 (1976) (footnote omitted). This conclusion is not reasonably debatable.

2. *Claims 3 & 4—Sufficiency of the Evidence*

In claims three and four, Mr. Bush challenged the sufficiency of the evidence underlying his convictions.[2] In particular, he asserted the quantity of drugs found in his possession was consistent with personal use rather than distribution. Citing clearly established federal law recognizing the right to sufficient evidence of guilt, *see Jackson v. Virginia*, 443 U.S. 307, 324 (1979), the magistrate judge recounted the relevant evidence and held that the OCCA's rejection of this claim was not an unreasonable application of *Jackson*. Reasonable jurists would not debate this conclusion.

---

[2] The magistrate judge properly declined to consider the sufficiency of evidence underlying the weapons count because Mr. Bush failed to proffer any argument challenging that conviction.

3. *Claims 5, 7, & 11—Unpreserved Evidentiary Claims*

Mr. Bush also raised several claims alleging that the admission of certain evidence violated his constitutional right to a fundamentally fair trial. *See Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir. 2012) ("[W]hen a state court admits evidence that is 'so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.'" (quoting *Payne v. Tennessee*, 501 U.S. 808, 825 (1991))). In particular, he contested evidence of a rifle recovered from the bed of the truck he was riding in at the time of his arrest, asserting it was introduced at an inappropriate stage of the trial (claim 5); evidence of other crimes or previous contacts he had with the police (claim 7); and evidence he received suspended sentences on prior unrelated conduct (claim 11).

Because he failed to preserve these claims at trial, the OCCA reviewed for plain error and found none. The magistrate judge, recognizing that the OCCA's "'plain-error standard is virtually identical to the constitutional test for due process,'" R., Vol. 1 at 548 (quoting *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015)), determined that the OCCA's conclusion was entitled to deference unless it unreasonably applied the due process test, *see Eizember v. Trammell*, 803 F.3d 1129, 1138 n.1 (10th Cir. 2015) ("[I]f a state court on plain error review denies relief on a federal claim by deciding there was no federal law error at all . . . our standard AEDPA standards apply."). The magistrate judge then explained the circumstances surrounding the introduction of the contested evidence and concluded that the OCCA's decision was not an unreasonable application of federal law. Based on our review of the claims, this conclusion is not reasonably debatable.

6

### 4. *Claims 8 & 9—Preserved Evidentiary Claims*

Mr. Bush advanced two additional evidentiary claims that he preserved at trial. In claim 8, he asserted his constitutional rights were violated by the introduction of irrelevant and prejudicial photographs of cell phone text messages between the driver of the truck and a contact identified as "Seven Up Deuce." R., Vol. 3 (Trial Exhibits), Ex. 5. The magistrate judge determined the OCCA's rejection of this claim was not an unreasonable application of federal law. The magistrate judge reasoned that evidence is unfairly prejudicial only "'if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime.'" *Id.*, Vol. 1 at 551 (quoting *United States v. McGlothin*, 705 F.3d 1254, 1266 (10th Cir. 2013)). Given the arresting officer's testimony that he knew Mr. Bush by the moniker "7" or "7 Up," *id.*, Vol. 3 (Tr., Vol. 3 at 26, 83), and evidence that Mr. Bush was with someone who texted a contact named "Seven Up Deuce," the magistrate judge ruled Mr. Bush failed to show the text messages were so lacking in relevance or emotionally charged as to deny him a fundamentally fair trial.

Similarly, in claim 9, Mr. Bush alleged he was denied a fundamentally fair trial by the introduction of his moniker to the jury. The magistrate judge determined the OCCA's rejection of this claim was not an unreasonable application of federal law because the arresting officer testified that he associated Mr. Bush with the moniker "7" or "7 Up," *id.*, and defense counsel extensively cross-examined the officer on his testimony. Again, we see nothing reasonably debatable in these conclusions.

7

5. *Claim 6—Jury Instruction on Lesser-Included Charge*

In claim 6, Mr. Bush alleged he was denied a fair trial and due process when the trial court instructed the jury on the lesser-included charge of simple possession. The magistrate judge determined that the OCCA's rejection of this claim was not an unreasonable application of federal law because there is no clearly established Supreme Court authority recognizing the right to waive or preclude a lesser-included instruction so as to present an all-or-nothing defense. *See McHam v. Workman*, 247 F. App'x 118, 120 (10th Cir. 2007) (unpublished) (denying a COA because the applicant failed to show Supreme Court precedent recognizing "a right of a defendant to waive [or] preclude the giving of a lesser included offense instruction") (bracket omitted). This is not a reasonably debatable conclusion.

6. *Claim 10—Prosecutorial Misconduct*

In claim 10, Mr. Bush alleged he was denied a fundamentally fair trial on account of prosecutorial misconduct. He failed to lodge contemporaneous objections at trial, however, and thus the OCCA reviewed only for plain error and found none. In his § 2254 application, Mr. Bush failed to provide any argument describing the alleged misconduct, and therefore, the magistrate judge consulted Mr. Bush's direct appeal brief to the OCCA to determine the specifics of this claim.[3] The magistrate judge determined that Mr. Bush's claim was predicated on six instances of alleged misconduct: 1) charging him with illegal possession of OxyContin but presenting evidence that he possessed

---

[3] Mr. Bush's omission of these arguments from his § 2254 application appears to constitute waiver, although we consider them in the context of the magistrate judge's analysis. *See Grant v. Royal*, 886 F.3d 874, 909 (10th Cir. 2018).

Oxycodone; 2) revealing the prosecutors' personal opinions of his guilt and bolstering their witnesses' testimony; 3) commenting on his failure to call a witness; 4) referencing facts not in evidence; 5) eliciting sympathy from the jury for the arresting officers; and 6) reading a portion of the charging document that contained a prior felony conviction.

The magistrate judge determined that the OCCA's finding of no plain error did not unreasonably apply the federal due process test. The magistrate judge recognized that prosecutorial misconduct can "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" R., Vol. 1 at 556 (quoting *Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009)). After evaluating each alleged instance of misconduct, however, the magistrate judge observed that Mr. Bush either failed to show misconduct at all or any misconduct that so infected the trial as to deny him due process. Our review confirms that this conclusion is not reasonably debatable.

7. *Claim 12—Ineffective Assistance*

In claim 12, Mr. Bush argued that his attorney rendered ineffective assistance by failing to object to the introduction of evidence revealing his prior suspended sentences. The OCCA rejected this claim under *Strickland v. Washington*, 466 U.S. 668 (1984), holding that his attorney was not deficient in failing to object because the sentencing exhibits were properly redacted. The magistrate judge determined that the OCCA's decision was not an unreasonable application of *Strickland* and that, although Mr. Bush asserted the sentencing exhibits were not, in fact, redacted, he failed to provide evidence to rebut the OCCA's presumptively correct finding that they were. 28 U.S.C.

9

§ 2254(e)(1). Absent such clear and convincing evidence, this conclusion is not reasonably debatable.

### 8. *Claim 13—Excessive Sentences*

In claim 13, Mr. Bush alleged his concurrent 45-year and 10-year sentences were excessive in violation of the Eighth Amendment. The magistrate judge concluded that the OCCA's rejection of this claim was not an unreasonable application of federal law, which recognizes that "'the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime.'" R., Vol. 1 at 566 (quoting *Ewing v. California*, 538 U.S. 11, 21 (2003)). The magistrate judge explained that state courts have wide discretion to fashion appropriate sentences in non-capital cases, and habeas relief generally is not cognizable "'unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law.'" *Id.* at 567 (quoting *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000)). Because Mr. Bush's sentences were within the statutory ranges prescribed by state law, the magistrate judge determined that Mr. Bush was not entitled to relief. This conclusion is not reasonably debatable.

### 9. *Claim 14—Cumulative Error*

Finally, in claim 14, Mr. Bush asserted he was denied a fundamentally fair trial on account of cumulative error. Having found no error, the OCCA rejected this claim. The magistrate judge determined that even if cumulative-error doctrine is clearly established, *see Cole v. Trammell*, 755 F.3d 1142, 1177 n.14 (10th Cir. 2014), the OCCA's decision was not an unreasonable application of federal law because "'cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative

effect of non-errors.'"  R., Vol. 1 at 569 (quoting *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998)).  Based on our review of this and Mr. Bush's other claims, reasonable jurists would not debate the district court's decision.

## III.  CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

11