FILED
United States Court of Appeals
Tenth Circuit

February 23, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERT CELIO,

Defendant-Appellant.

No. 11-1410
(D.C. Nos. 1:08-CV-02088-CMA,
1:01-CR-00165-CMA-CBS-1)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Albert Celio, proceeding pro se,[1] seeks a Certificate of Appealability

("COA") to appeal from the district court's denial of his 28 U.S.C. § 2255

motion, which collaterally attacks his conviction and sentence. For the reasons

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Celio is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

that follow, we deny his request for a COA and dismiss this matter.

## I.  Background and Procedural History

Mr. Celio, a former Doctor of Osteopathy licensed in Colorado, was indicted in 2001 on eight counts of dispensing and distributing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The charges arose out of an investigation of Steve Compton, Mr. Celio's former friend and patient, based upon information that Mr. Compton had been illegally writing himself prescriptions for pain medication.  Shortly thereafter, the Drug Enforcement Administration and the Federal Bureau of Investigation became suspicious of Mr. Celio and began investigating him and using Mr. Compton as a cooperating source.  Using Mr. Compton, investigators arranged for a meeting between Mr. Celio and an undercover police officer—Robert Hogan.  Mr. Celio wrote multiple unnecessary Percocet prescriptions for Detective Hogan over a short period of time.

Of the eight counts on which Mr. Celio was indicted, four were dismissed. The government brought to trial the remaining four counts—"correspond[ing] with . . . four Percocet prescriptions [Mr.] Celio wrote for [Mr.] Hogan in [his] clinic['s] parking lot." *United States v. Celio*, 230 F. App'x 818, 822–23 (10th Cir. 2007).  Mr. Celio focused primarily on attacking the sufficiency of the evidence, and "theorizing that he was engaged in an honest but misguided 'reverse sting' to see if [Mr.] Hogan was providing pills to [Mr.] Compton." *Id.*

at 823. After a three-day trial, the jury found Mr. Celio guilty of all four counts, and he was sentenced to twenty-seven months' imprisonment, followed by three years of supervised release.

On appeal, Mr. Celio made challenges to the sufficiency of the evidence and the jury instructions. We concluded that these challenges were meritless. Moreover, Mr. Celio raised eight averments of prosecutorial misconduct. We rejected each ground, finding that "the jury convicted [Mr.] Celio based solely on the evidence properly before it and that any individual or cumulative error was harmless." *Id.* at 828. We thus affirmed his conviction and sentence.

Before filing the motion at issue here, Mr. Celio had filed four prior § 2255 motions. The district court had rejected all of them for failure to comply with federal pleading standards and, more specifically, because the motions did not set forth in an intelligible and concise fashion the substance of Mr. Celio's claims. In his fifth motion, Mr. Celio asserted four "claims." R. at 29–30 (Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed Feb. 7, 2011). The magistrate judge, however, expressed concerns about Mr. Celio's failure, once again, to comply with federal pleading standards. Specifically, the magistrate judge stated:

> The fifth iteration of Mr. Celio's § 2255 Motion continues to be overly long, prolix, vague, unspecific, and unclear. Mr. Celio's fifth Motion is 102 pages in length. [He] submitted with his Motion approximately 285 pages of exhibits. Mr. Celio's Motion identifies four claims, including Claim 1 alleging

ineffective assistance of trial counsel, Harvey Steinberg. [He] identifies more than twelve subparts and approximately sixty-three "incidents" of ineffective assistance in Claim 1. In Claim 2, Mr. Celio alleges failure to disclose material evidence by the government ("Withheld Evidence"), including five "incidents." In Claim 3, Mr. Celio alleges "Misrepresentation/False evidence" presented by the government, including "25 incidences." [sic] In Claim 4, Mr. Celio alleges ineffective assistance of appellate counsel [in approximately thirteen incidents]." Overall, Mr. Celio has asserted approximately 123 issues.

R. at 516 (citations omitted) (Rec. of U.S. Mag. J., filed May 20, 2011). The magistrate judge observed that Mr. Celio's fifth motion was "a jumble of verbiage, by which [he] appears to challenge almost every aspect of his attorneys' performance, all adverse rulings by the district court, all of the testimony of the witnesses, and every aspect of the government's trial strategy and evidence." *Id.* (internal quotation marks omitted).

Nonetheless, the magistrate judge ultimately undertook the arduous task of addressing the merits of Mr. Celio's motion. First, he methodically considered and rejected each of Mr. Celio's allegations of ineffective assistance of trial counsel on the ground that Mr. Celio had not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), in showing deficient performance or prejudice. Morever, he determined that many of Mr. Celio's claims were procedurally barred because they were attempts to litigate issues decided on direct appeal by repackaging them as ineffective-assistance-of-counsel claims.

Mr. Celio also raised multiple prosecutorial-misconduct claims that were

-4-

largely duplicative of many of his ineffective-assistance-of-counsel claims. The magistrate judge found these claims "[un]supported by the record." R. at 542–45. Additionally, he concluded that they were procedurally barred. *See id.* at 542 ("Claims 2 and 3 are procedurally barred.").

Mr. Celio also raised numerous allegations of ineffective assistance of appellate counsel. Many of these allegations overlapped with his other claims. Consequently, the magistrate judge rejected them largely for the same reasons, *see, e.g.*, *id.* at 551 ("Mr. Celio's claims . . . are meritless."), and concluded that Mr. Celio had not established deficient performance or prejudice.

The magistrate judge finally denied Mr. Celio an evidentiary hearing because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief," *id.* (internal quotation marks omitted); *see also* 28 U.S.C. § 2255(b), and recommended that the petition be dismissed with prejudice.

Mr. Celio filed his objections to the magistrate judge's report and recommendation. The district court, under *de novo* review, agreed with the magistrate judge's assessment of the substantive deficiencies of Mr. Celio's claims—*viz.*, the magistrate judge's conclusion that the claims were wholly without merit. Accordingly, the court adopted the report and recommendation and dismissed Mr. Celio's § 2255 motion with prejudice. Mr. Celio filed a timely notice of appeal.

## II. Discussion

We lack jurisdiction to consider the merits of a § 2255 appeal unless a petitioner obtains a COA. *See* 28 U.S.C. § 2253(c)(1)(B). We may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "This standard requires an applicant to show that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). In addition, where the district court denies a § 2255 motion on procedural grounds, the petitioner also must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Celio's appellate brief does winnow the issues for review to some extent. Although he reasserts the same broad "categories" that he did in his motion before the district court, he reduces the number of challenges with respect to individual "instances" of error or ineffective assistance of counsel.[2]

---

[2]    In addition, Mr. Celio contends that the district court erred by not appointing him counsel to litigate his § 2255 motion. Specifically, Mr. Celio notes that he repeatedly requested appointment of counsel but the requests were denied because the magistrate judge wanted to "wait and see[] [whether] . . . [he] ha[d] alleged things that are sufficiently compelling." Aplt. Opening Br. at 59 (internal quotation marks omitted). However, in the § 2255 context, "[e]xcept when 'the district court determines that an evidentiary hearing is required,' '[t]he
(continued...)

However, after a thorough review of the record and the governing law, we cannot discern any merit in Mr. Celio's appellate challenge and his request for a COA. Where he does raise discernible issues in his brief, Mr. Celio mostly reasserts in a conclusory fashion the arguments he made before the district court, and does not adequately point out *why* the magistrate judge was incorrect in his recommendation, or how the district court erred in adopting the recommendation and dismissing his motion. Instead, Mr. Celio continues to piece together in a

---

[2](...continued)
decision to appoint counsel is left to the sound discretion of the district court.'" *United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011) (second alteration in original) (quoting *Engberg v. Wyoming*, 265 F.3d 1109, 1122 & n.10 (10th Cir. 2001)). And, as noted, the magistrate judge denied Mr. Celio an evidentiary hearing because he concluded that Mr. Celio's motion lacked merit. Mr. Celio has offered us no reasonable basis for concluding that the district court abused its discretion in declining to appoint him counsel, and he "has no constitutional right to [appointed] counsel in a habeas proceeding." *Id.* Consequently, we reject Mr. Celio's argument.

Mr. Celio also claims that, "based on cumulative error, [his] conviction should be reversed." Aplt. Opening Br. at 56 (capitalization altered). After a review of the record, it appears that Mr. Celio did not raise this claim before the district court in his fifth, amended Motion. Where a theory "simply wasn't raised before the district court, we usually hold it forfeited" and review it "under . . . the plain error standard." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011). But "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court." *Id.* at 1131. Mr. Celio has not asked us to review this argument for plain error, and we decline to do so. In any event, Mr. Celio's cumulative-error arguments are purely conclusory and offer no proper foundation for review. *See, e.g.*, *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (declining to address a procedural-due-process argument where it was not adequately briefed).

disjointed fashion a skeletal set of facts and legal principles that he claims entitle him to relief, without offering us any specifics as to how the facts and law together mandate his desired result.

For substantially the reasons articulated by the magistrate judge in his thorough and well-reasoned report and recommendation, which was adopted by the district court, we conclude that Mr. Celio's motion is without merit. And reasonable jurists could not debate the district court's decision to dismiss the motion with prejudice.

### III. Conclusion

For the foregoing reasons, we **DENY** Mr. Celio's request for a COA and **DISMISS** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge