FILED
United States Court of Appeals
Tenth Circuit

April 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIS LEE ROUSE,

          Petitioner-Appellant,

v.

DOUG DARR, Warden, Adams
County Jail; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

          Respondents-Appellees.

No. 11-1440
(D.C. No. 1:11-CV-01401-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Willis Lee Rouse, a state prisoner, challenges the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. §

---

[*]    This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

     After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2254.  Proceeding pro se,[1] Mr. Rouse now seeks a Certificate of Appealability ("COA") to appeal the district court's denial of his petition.  We deny his application for a COA and dismiss this matter.

## I. Background

In 2005, a Colorado state court convicted Mr. Rouse of stalking after he pleaded guilty to the charge.[2]  As a consequence of this stalking conviction, the state court imposed a condition that Mr. Rouse had to register as a sex offender. But Mr. Rouse failed to do so and, on August 11, 2010, he pleaded guilty to one count of failure to register as a sex offender.  The state court sentenced Mr. Rouse to three years' probation, but then on April 1, 2011, the state court revoked Mr. Rouse's probation and sentenced him to 18 months in a detention facility.  Mr. Rouse *did not* file a direct appeal or otherwise challenge this conviction in state court.  Instead, on May 25, 2011, Mr. Rouse filed a petition for a writ of habeas corpus before the United States District Court for the District of Colorado challenging his detention on the failure-to-register conviction.

Mr. Rouse raised three claims before the district court in his amended

---

[1]    Because Mr. Rouse is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2]    Mr. Rouse had asserted a defense to the stalking charge—that he was common-law married to the minor victim.  However, at that time his marriage to the minor victim was not recognized by the State of Colorado.  Later, a Colorado court did recognize the validity of Mr. Rouse's marriage retroactively to May 15, 2002—a date prior to Mr. Rouse's stalking conviction.

petition: (1) his 2005 stalking conviction is an "unlawful charge" because his marriage to his minor wife was legal; (2) his 2010 failure-to-register conviction is an "injustice" because his marriage to his minor wife was legal; and (3) his constitutional right to marry has been violated.

On September 13, 2011, the district court denied Mr. Rouse's amended petition for two reasons.[3] First, the district court stated that Mr. Rouse failed to exhaust his state-court remedies on his failure-to-register conviction because he had not filed *any* action in Colorado state court challenging his conviction or sentence. Although the district court noted that Mr. Rouse's time to file a direct appeal had lapsed, he still had time under Colorado law to seek postconviction relief. Second, the district court stated that Mr. Rouse's challenge to his stalking conviction was irrelevant to his federal attack on his failure-to-register conviction.

In addition to denying Mr. Rouse's petition in its September 13 order, the district court denied Mr. Rouse's request for a COA. Mr. Rouse then filed a timely notice of appeal. Later, the district court also denied Mr. Rouse leave to proceed in forma pauperis on appeal.

## II. Discussion

We lack jurisdiction to consider the merits of a habeas appeal unless a

---

[3] The district court first addressed the timeliness of Mr. Rouse's habeas petition and found the petition to be timely because he filed it within the one-year period of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

petitioner obtains a COA. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Further, where the district court denies a petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With that legal framework in mind, Mr. Rouse presents three issues in his request for a COA: (1) he did not commit the crime of failure to register for a sex offense; (2) he would not have pleaded guilty to the 2005 charge of stalking if (a) he had not been wrongfully charged with "sexual assault on a child," and (b) the Colorado courts had not erred by initially refusing to recognize his common-law marriage, thus depriving him of a total defense to all charges; and (3) he has been unable to exhaust his state remedies in a timely manner because of the actions of the Colorado Attorney General's office.

First, as noted, Mr. Rouse argues that he was "wrongfully charged" with the failure-to-register crime because he did not commit the crime of stalking as he was validly married to the minor victim. Aplt. Opening Br. at 4. On this claim, the district court held that "Mr. Rouse continues to have a state remedy for exhausting his habeas corpus claims," and the petition had to be dismissed for

-4-

failure to exhaust state remedies. R. at 158 (Order of Dismissal, filed Sept. 13, 2011).

It is well-established that a state prisoner must "normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (explaining that a state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition by fairly presenting the claim in state court—that is, the petitioner must have raised the "substance" of the federal claim in state court). The exhaustion requirement is satisfied if the issues have been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Here, we agree with the district court that it was not appropriate to consider Mr. Rouse's petition because he offered no evidence to show that he made any attempt to appeal his conviction, or to file for postconviction relief in state court. As Mr. Rouse has the burden of proof to show exhaustion, *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) ("A state prisoner bears the burden of showing he has exhausted available state remedies."); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (citing *Hernandez* for the same legal rule), the district court was unquestionably correct in dismissing Mr. Rouse's

petition.  And Mr. Rouse fails to show that reasonable jurists could disagree.[4]

Second, Mr. Rouse argues that he was "wrongfully charged [with] sexual assault . . . [and since his] marriage was wrongfully invalidat[ed], [he was] stripp[ed] . . . of [his] legal defense[,] and [he] was left with no choice but to plead guilty to [the] lesser offense[—stalking]."  Aplt. Opening Br. at 4 (capitalization altered).  Mr. Rouse presented this same claim to the district court, which held that "Mr. Rouse's collateral attack of the stalking conviction is not relevant to his current attack on his failure to register as a sex offender."  R. at 158.

On this claim, Mr. Rouse has failed to carry his "burden [in his COA application] of demonstrating that reasonable jurists could at least debate the correctness of the district court's resolution [of this claim]."  *Argota v. Miller*, 424 F. App'x 769, 771 (10th Cir. 2011).  As we have stated (and repeatedly implied) in the COA context, it is not the role of this court to examine the details of a particular claim without the applicant at least "identifying for our consideration any alleged errors in the district court's fact-finding or legal

---

[4]      Mr. Rouse's frustration with the district court's unwillingness to reach the merits his claims is palpable.  However, it is important to underscore that—contrary to Mr. Rouse's suggestion before the district court, R., Vol. 1, at 142 (Pet'r's Reply to Pre-Answer Br., filed July 15, 2011) (noting that what should matter is a petitioner's innocence, not whether "technical[ities] arise, such as exhaustion of state rem[e]dies")—the exhaustion requirement is not just some technicality, but rather it is grounded in the important policy of "comity, reflecting the mutuality of respect between state and federal courts," *Demarest v. Price*, 130 F.3d 922, 943 (10th Cir. 1997).

analysis." *Id.* (citing *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding that the appellant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal")).

While we are fully aware of the special solicitude afforded a pro se petitioner like Mr. Rouse, it is nevertheless "not the proper function of the . . . court to assume the role of advocate for the pro se litigant." *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). Mr. Rouse mostly "reasserts in a conclusory fashion the arguments he made before the district court," and "does not adequately point out *why* the [district court] erred" in its order of dismissal. *United States v. Celio*, No. 11–1410, 2012 WL 581388, at *3 (10th Cir. Feb. 23, 2012) (unpublished). Instead, he merely pieces together "a skeletal set of facts and legal principles that he claims entitle him to relief, without offering us any specifics as to how the facts and law together mandate his desired result." *Id.* This is simply not enough for us to consider this particular claim.

Finally, Mr. Rouse argues that the Colorado Attorney General's office has "denied [him] the ability to exhaust [his] state remedies in a timely manner . . . [because of its] failure to file [an] answer brief." Aplt. Opening Br. at 3 (capitalization altered). In this argument, Mr. Rouse appears to blame his failure to exhaust with regard to his *failure-to-register conviction* on the purported dilatory conduct of the State's counsel in his state collateral proceedings attacking his *stalking conviction*. *See* R., Vol. 1, at 141 ("It amazes me that the people

could (A.G.) file a quit[e] lengthy pre-answer brief for this court . . . and could *not* keep the briefing schedu[le] [in the state collateral proceedings] . . . ." (emphasis added)).  We are hard-pressed to see the connection between these two matters.  Further, as noted, the district court concluded that Mr. Rouse's state challenge to his stalking conviction was not relevant to the resolution of his habeas petition involving his failure-to-register conviction.  And Mr. Rouse has not given us any basis to believe that reasonable jurists would question the correctness of this determination.

### III. Conclusion

Having reviewed the record and Mr. Rouse's petition, we conclude that jurists of reason could not disagree with the district court's resolution of his claims.  Therefore, we **DENY** Mr. Rouse's request for a COA and **DISMISS** this matter.  Mr. Rouse's motion for leave to proceed in forma pauperis is **GRANTED**.

Entered for the Court

JEROME A. HOLMES
Circuit Judge