FILED
United States Court of Appeals
Tenth Circuit

March 27, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT CELIO,

Defendant - Appellant.

No. 14-1311
(D.C. Nos. 1:08-CV-02088-CMA and
1:01-CR-00165-CMA-CBS-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Appellant Albert Celio appeals the district court's dismissal of his petition for a

writ of coram nobis. In 2005, Appellant, a former Doctor of Osteopathy in Colorado, was

convicted by a jury on four counts of dispensing and distributing a controlled substance.

He was sentenced to twenty-seven months of imprisonment, followed by three years of

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release. We upheld his conviction and sentence on direct appeal, *United States v. Celio*, 230 F. App'x 818 (10th Cir. 2007), and his attempt to obtain habeas relief via a § 2255 petition was likewise unsuccessful, *see United States v. Celio*, 463 F. App'x 755 (10th Cir. 2012).

In 2013, long after leaving state custody and completing his term of supervised release, Appellant filed the instant petition for a writ of coram nobis. In this petition, he claimed his trial attorney provided ineffective assistance by failing to investigate and inform Appellant of the possible civil ramifications of going to trial rather than accepting a plea of guilty. In particular, he alleged his attorney should have discovered and informed Appellant of the fact that he might be better off pleading guilty in order to avoid exposure to a lengthier sentence because it would be more expensive for him to seek reinstatement of his medical license if more than two years had passed following its suspension.

The magistrate judge recommended the coram nobis petition be denied because Appellant could have raised these claims in his § 2255 proceeding. The district court agreed, adopting and affirming the magistrate judge's recommendation.

We affirm the denial of Appellant's petition on the alternative basis that Appellant's claims fail to demonstrate an entitlement to the "extraordinary remedy" of coram nobis relief, *United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986). "[A] writ of error *coram nobis* is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice."

*United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994). After thoroughly reviewing Appellant's allegations and arguments, we are persuaded his claims fail to meet the high standard required for us to provide this type of extraordinary relief.

     The district court's denial of Appellant's petition for a writ of coram nobis is accordingly **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge