**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LASHAWN KING,

      Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
STATE OF WYOMING,

      Respondents  -Appellees.

No. 16-8013
(D.C. No. 2:15-CV-00083-SWS)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, HOLMES**, and **MORITZ**, Circuit Judges.

LaShawn King, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254.  In addition, he responds to our

order asking him to state why this appeal should not be dismissed for lack of

subject-matter jurisdiction.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291,

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. King appears pro se, we construe his filings liberally,
*see, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not
craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d
925, 927 n.1 (10th Cir. 2008).

we conclude that we have jurisdiction over this appeal, and that Mr. King has not made the required showing for a COA. Accordingly, we **deny** his application for a COA, and **dismiss** this matter.

**I**

**A**

A Wyoming state jury found Mr. King guilty of attempted first-degree murder, kidnapping, and aggravated assault and battery. He was sentenced to life imprisonment. The Wyoming Supreme Court affirmed his convictions. Mr. King filed a motion for postconviction relief, and a state trial court denied the motion. The Wyoming Supreme Court then denied certiorari review.

On July 20, 2015, Mr. King filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming. He asserted the following grounds for relief: (1) the trial court erred in allowing the prosecution to introduce—without proper authentication or foundation—an exhibit containing a recording of a prior call between him and the victim, thereby denying him due process and a fair trial; (2) the prosecution deliberately withheld *Brady* material pertaining to that exhibit, thereby denying him due process; and (3) the prosecution engaged in prosecutorial misconduct by eliciting false testimony regarding both that exhibit and certain GPS coordinates, and by admitting an altered version of a recording of a 911 call, thereby denying him due process.

2

In a thorough order issued on January 6, 2016, the district court concluded that Mr. King was not entitled to habeas relief. Specifically, the court concluded that Mr. King's claims—which he had not raised on direct appeal—were procedurally defaulted, and that he could not demonstrate cause for the default or actual prejudice, or a fundamental miscarriage of justice. Accordingly, the court dismissed the action and denied a COA.

In reaching this procedural conclusion, the district court rejected each of Mr. King's arguments regarding the cause of his default. First, it rejected his argument that the cause was appellate counsel's constitutional ineffectiveness for failing to raise his claims on direct appeal. The court determined that the claims were not so plainly meritorious that appellate counsel acted unreasonably in refusing to raise them, and that there was no substantial likelihood that Mr. King's appeal would have been successful had appellate counsel raised them. Next, the court rejected Mr. King's argument that his procedural default was caused by the Wyoming Supreme Court's denial of his motion for trial transcripts and his motion to proceed pro se, because this argument derived from his ineffective-assistance claim. Finally, the court rejected Mr. King's argument that his procedural default was caused by the prison's ban on possessing certain exculpatory items, because the court had accessed those items and found no support for Mr. King's claims.

On January 6, 2016, the district court entered judgment against Mr. King.

3

**B**

The following month, Mr. King filed a motion for a certificate of appealability ("COA"); this court treated the motion as a notice of appeal. The notice was dated February 5, 2016, but the court received it on February 8, 2016—not within the thirty-day time to appeal. Furthermore, the notice's certificate of service did not contain the necessary information to satisfy the prison mailbox rule—specifically, it did not indicate that Mr. King gave the motion to *prison officials* for mailing, and it was not sworn under penalty of perjury. For these reasons, we issued a show-cause order challenging the timeliness of Mr. King's appeal. On March 4, 2016, Mr. King filed a response to the show-cause order in which he declared, under penalty of perjury, that on February 5, 2016, he placed the notice of appeal in a legal mailbox at the Wyoming State Penitentiary.

On appeal, Mr. King challenges the denial of his habeas petition and the denial of a COA. He simply reasserts, however, the claims he raised before the district court, and argues that: the state trial court erred in admitting, without proper authentication or foundation, the exhibit containing the prior call recording, thereby violating his rights to due process and a fair trial; the prosecution engaged in prosecutorial misconduct by eliciting false testimony regarding that exhibit, eliciting false testimony regarding certain GPS coordinates, and offering the 911-call recording, thereby violating his due-process

4

rights; and appellate counsel was ineffective for failing to raise a *Brady* claim and a prosecutorial misconduct claim.  With regard to his procedural default, Mr. King asserts only that the ineffectiveness of his appellate counsel and the prison's ban on possessing certain exculpatory items constitute sufficient causes, and that enforcing the procedural rule would result in a fundamental miscarriage of justice.

**II**

**A**

We must first address the timeliness of Mr. King's appeal.[2]  Judgment was entered on January 6, 2016, which means that the notice of appeal was due by February 5, 2016.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal to be filed within thirty days of judgment).  However, Mr. King's notice of appeal was docketed as filed on February 8, 2016, beyond the established thirty-day period.

Consequently, "we have subject-matter jurisdiction" only if Mr. King's notice of appeal was timely filed under the prison mailbox rule—that is, if it "comports with the provisions of Fed. R. App. P. 4(c)(1) or if he has subsequently filed a declaration or notarized statement that does." *United States v. Ceballos-*

---

[2]     "[E]very federal appellate court has a special obligation to 'satisfy itself . . . of its own jurisdiction . . .' even though the parties are prepared to concede it." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (alteration in original) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).

5

*Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). Rule 4(c)(1) states that for an inmate confined in an institution, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing," and that an inmate may demonstrate timely filing "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Fed. R. App. P. 4(c)(1).

In response to the jurisdictional show-cause order issued by this court, Mr. King filed a declaration under 28 U.S.C. § 1746, stating that he placed the notice in the prison mail system on February 5, 2016, and that he was making the declaration under penalty of perjury. We conclude that Mr. King's declaration conforms with our requirements to show that the notice of appeal was timely filed.[3] *See Price v. Philpot*, 420 F.3d 1158, 1166–67 (10th Cir. 2005).

**B**

We next turn to the question of whether to grant Mr. King a COA. A COA is a jurisdictional prerequisite to our adjudication of the merits of an appeal from the district court's denial of a petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 649 (2012) (citing the "'clear'

---

[3] The certificate of service on Mr. King's notice of appeal already stated that he had pre-paid first class postage.

jurisdictional language . . . in § 2253(c)(1)"). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007). In addition,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Harris*, 642 F.3d at 906 (emphasis added) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

This threshold determination of whether a COA should issue "does not require full consideration of the factual or legal bases adduced in support of the claims"—"[i]n fact, the statute forbids it." *Miller-El*, 537 U.S. at 336. Instead,

7

the statute "requires an overview of the claims in the habeas petition and a general assessment of their merits"; specifically, we must "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id.*; *see also Dockins v. Hines*, 374 F.3d 935, 937 (10th Cir. 2004) (noting that the Supreme Court has made "clear" that "our COA decision is to be based on a review of the district court's application of AEDPA"). In accord with *Miller-El*, this court has emphasized "that in determining whether to issue a COA, a 'full consideration of the factual or legal bases adduced in support of the claims' is not required." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Miller-El*, 537 U.S. at 336).

Pursuant to this analytical framework, we have reviewed Mr. King's opening brief and the record. Based on our review, which includes our "general assessment of the[ ] merits" of Mr. King's stated grounds for relief, *Miller-El*, 537 U.S. at 336, we conclude that reasonable jurists would not debate the correctness of the district court's decisions dismissing Mr. King's claims on procedural grounds. Not only do those decisions appear sound, but Mr. King has offered us no reason why they are not. Mr. King's failure to make an argument regarding the district court's error in handling his petition is itself dispositive. *See, e.g.*, *Rouse v. Darr*, 478 F. App'x 511, 515 (10th Cir. 2012) (concluding that pro se petitioner failed to carry his burden in his COA application because he did

not adequately point out *why* the district court erred in its order of dismissal);

*United States v. Celio*, 463 F. App'x 755, 759 (10th Cir. 2012) (same).

Accordingly, we deny Mr. King a COA.

## III

Based on the foregoing, we **DENY** Mr. King's request for a COA. This matter is hereby **DISMISSED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge