**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TREMAINE JERNIGAN,
a/k/a TRAMAINE JERNIGAN,

Petitioner-Appellant,

v.

LAURENCE JARAMILLO;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 11-2066
(D.C. No. 1:10-CV-00701-MCA-CG)
(D.N.M.)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Tramaine Jernigan,[1] a state prisoner proceeding pro se,[2] seeks a certificate

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     The docket sheet of the United States District Court for the District of New Mexico identifies the petitioner as "Tramaine" Jernigan, and Mr. Jernigan

(continued...)

of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Jernigan's application for a COA and dismiss his appeal.

## BACKGROUND

In 2008, Mr. Jernigan was convicted of second-degree murder and tampering with evidence in the Twelfth Judicial District Court in Otero County, New Mexico.[3] He appealed to the New Mexico Court of Appeals, raising a single state-law sentencing issue. The New Mexico Court of Appeals rejected his

---

[1](...continued) also refers to himself by the first name "Tramaine" in his pro se federal habeas petition. We acknowledge, however, that some orders—including the district court order at issue here—and filings in both Mr. Jernigan's instant federal habeas case, and in a prior state habeas case commenced by him, refer to Mr. Jernigan by the first name "Tremaine." We refer to Mr. Jernigan by the same first name that he used for himself in filing his federal habeas petition—i.e., Tramaine.

[2] Because Mr. Jernigan is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[3] Mr. Jernigan was first tried and convicted on two counts of second-degree murder and attempted second-degree murder in 2001, for which he was sentenced to twenty-eight years' imprisonment. The New Mexico Court of Appeals affirmed his conviction and sentence. Mr. Jernigan then sought further review with the Supreme Court of New Mexico, which granted his petition for a writ of certiorari, reversed his conviction for attempted second-degree murder on one of the two counts, and remanded Mr. Jernigan's case for re-trial. It is Mr. Jernigan's second trial—conducted in 2008—that forms the basis of his instant habeas action.

2

challenge and affirmed.[4]  Mr. Jernigan then filed a habeas corpus petition in the state district court, raising a bevy of claims under the United States Constitution. The court denied the petition.  From this denial, Mr. Jernigan filed a petition for writ of certiorari in the Supreme Court of New Mexico; it denied certiorari.

On July 23, 2010, Mr. Jernigan filed a federal habeas petition in United States District Court for the District of New Mexico in which he raised eighteen claims, alleging ineffective assistance of counsel, prosecutorial misconduct, and violations of his right to due process.  Mr. Jernigan's petition was referred to a magistrate judge who concluded that Mr. Jernigan had failed to exhaust several of the claims in the state courts, and recommended that the court afford Mr. Jernigan fourteen days to elect to proceed without the unexhausted claims (i.e., to seek habeas relief only as to the exhausted claims).  Absent such an election, the magistrate judge recommended dismissal without prejudice of Mr. Jernigan's entire habeas petition.

On March 15, 2011, the district court adopted the magistrate judge's recommendations and, because Mr. Jernigan would agree to dismissal of only some of the unexhausted claims, the court dismissed his entire habeas petition

---

[4]    Mr. Jernigan filed a petition for writ of certiorari in the New Mexico Supreme Court, raising the same state-law sentencing issue; the petition was denied.  Perhaps not surprisingly, that issue is not before us in Mr. Jernigan's habeas action.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

3

without prejudice. The court subsequently and summarily denied his application for a COA. Mr. Jernigan now seeks a COA from this court to challenge the district court's dismissal of his § 2254 habeas petition.

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to this court's review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Williams v. Jones*, 571 F.3d 1086, 1088 (10th Cir. 2009). Thus, "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). In order to make such a showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). "In other words, the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Id.* (quoting *Slack*, 529 U.S. at 484).

In determining whether to grant a COA, this court conducts an "overview of the claims in the habeas petition and a general assessment of their merits." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

4

However, "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of th[ose] claims." *Miller-El*, 537 U.S. at 336. When the district court denies an applicant relief "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484).

## DISCUSSION

In his application for a COA, Mr. Jernigan presents four arguments: (1) that he is entitled to an evidentiary hearing; (2) that the district court "committed . . . plain error" when it ruled that Mr. Jernigan had filed a mixed habeas petition that contained both exhausted and unexhausted claims because he "presented all issues to the state [district] and supreme court," Aplt. Opening Br. at 4–5; (3) that his defense counsel rendered ineffective assistance in failing to conduct any pre-trial investigation; and (4) that his Fourteenth Amendment right to due process was violated when the State "threatened and coerced" a witness into testifying, when "the prosecutor soothed a distraught witness while she testified," and when Mr. Jernigan was brought into court wearing a prison jumpsuit and handcuffs, *id.* at 6. Because the district court correctly determined that Mr. Jernigan had filed a mixed habeas petition that contained both exhausted and unexhausted claims and

5

properly dismissed his action when he declined to proceed on only the exhausted claims, we need not reach the merits of Mr. Jernigan's four arguments.

Under § 2254, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This "exhaustion doctrine" is grounded upon principles of comity and federalism; accordingly, it "seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). In order to satisfy the doctrine, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—that is, a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see* 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.3[b], at 1205–06 (6th ed. 2011) ("[T]he petitioner satisfies her exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals)."). "A state prisoner bears the burden of showing he has exhausted available state remedies." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Consequently, Mr. Jernigan bore the burden of demonstrating that he had

6

exhausted each of his habeas claims with the New Mexico Supreme Court—New Mexico's highest court.

When faced with a mixed petition, a federal court may "permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)) (internal quotation marks omitted); *see id.* (explaining that a district court presented with a "mixed" habeas petition "can do one of four things: (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) . . . deny the petition on the merits" (alteration omitted) (citations omitted) (quoting *Harris*, 553 F.3d at 1031) (internal quotation marks omitted)); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982) ("[W]e hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."); Hertz & Liebman, *supra*, § 23.1, at 1184 ("[F]ederal district courts not only must dismiss entirely unexhausted habeas corpus petitions and individual unexhausted claims but also, generally, must dismiss 'mixed' habeas corpus petitions—*i.e.*, petitions containing both exhausted claims and even a single unexhausted claim or portion

7

of a claim—pending exhaustion of the unexhausted claims.").

As the magistrate judge correctly determined in her recommendation, which the district court later adopted, the claims identified in Sections 2(b), 2(d), 8(b), and 10[5] of Mr. Jernigan's federal habeas petition—that is, his claims that the prosecutor impermissibly "massaged and soothed" a distraught witness while she testified at his preliminary hearing, that his trial counsel was ineffective in questioning a witness regarding her inconsistent statements, that he was denied due process when he was photographed in a prison jumpsuit in front of the decedent victim's mother, and that he received ineffective assistance of state appellate counsel—were never raised in his petition for a writ of certiorari to the New Mexico Supreme Court. R., Vol. I, at 685, 687 (Proposed Findings & Recommended Disposition, filed Dec. 22, 2010). Nowhere in his state certiorari petition did Mr. Jernigan assert anything resembling an argument that the prosecutor committed misconduct by "massaging" a witness. And, while his petition for certiorari does contain an allegation that he was deprived of effective assistance of counsel when his trial counsel impermissibly questioned a "*Ms. Wells*" about her inconsistent statements, *id.* at 617 (Pet. for Writ of Certiorari, filed May 26, 2010) (emphasis added), his habeas petition mentions only the

---

[5] Although Mr. Jernigan did not separate his allegations under each of the numeric grounds listed in his habeas petition, both the magistrate judge and the district court apparently separated his claims into subsections for ease of reference—e.g., 2(a), 2(b), 2(c), 2(d). We adopt the same procedure here.

"changed . . . trial testimony" of witness *Jean Hawkins*, *id.* at 11 (Pet. for Writ of Habeas Corpus, filed July 23, 2010).

Additionally, while Mr. Jernigan generally alleged in his state certiorari petition that he was denied due process when he was brought into court wearing a prison jumpsuit and handcuffs, he did *not* allege—as he did in his habeas petition—that his photograph was taken while he stood next to the victim's mother. And finally, though Mr. Jernigan alleges in his federal habeas petition that he was denied effective assistance of counsel by his *appellate* attorney, his state petition for a writ of certiorari only alleges that his *trial* counsel was ineffective. It is therefore clear from the record that Mr. Jernigan failed to exhaust each of these claims, and, consequently, the district court had every right to dismiss his habeas petition in light of his refusal to proceed without those unexhausted claims. *See Fairchild,* 579 F.3d at 1156.

We also note that the fact that Mr. Jernigan attached his state habeas petition and the resulting state district court order—both of which squarely addressed these unexhausted claims—to his state petition for a writ of certiorari is irrelevant. The Supreme Court has held that the exhaustion doctrine is not satisfied where a petitioner attaches lower court filings or opinions but fails to separately assert the claims that they present in his state certiorari petition. *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004). Similarly, this court has rejected petitioners' attempts to "incorporate by reference" their previous filings, noting

9

that our circuit rules strongly discourage such conduct. *See* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved."); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) ("Like other circuit courts, we do not consider this [incorporation by reference] acceptable argument."); *see also Argota v. Miller*, No. 10-6251, 2011 WL 2133690, at \*2 (10th Cir. May 31, 2011) ("At the outset, we decline to consider Mr. Argota's first eight claims for relief, as he seeks to incorporate those claims wholesale . . . merely by referencing the § 2254 habeas petition that he filed in the district court."). Accordingly, the district court was correct in basing its dismissal, in part, upon its observation "that attaching lower court documents does not fairly present claims which are not included within the writ petition itself." R., Vol. I, at 724.

In sum, because the district court correctly concluded that Mr. Jernigan had failed to exhaust all of the claims asserted in his § 2254 habeas petition, reasonable jurists could not debate the propriety of the district court's procedural decision to dismiss his habeas petition on account of these unexhausted claims. Therefore, Mr. Jernigan has not cleared the double hurdle and is not entitled to a COA.

**CONCLUSION**

For the foregoing reasons, we **DENY** Mr. Jernigan's application for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge