**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK LEE WILKINSON,

      Petitioner-Appellant,

v.

RAE TIMME, Warden at Fremont
Correctional; JOHN SUTHERS, Attorney
General of the State of Colorado,

      Respondents-Appellees.

No. 12-1269
(D.C. No. 1:11-CV-00454-REB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.


      Mark Lee Wilkinson, a Colorado state prisoner proceeding pro se, requests a

certificate of appealability (COA) to appeal the district court's denial of his application

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We deny a COA, deny

Wilkinson's motion for a stay and abeyance, and dismiss this matter.

## I.  Background

      Wilkinson was convicted by jury trial on three counts of sexual assault on a child

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by one in a position of trust, three counts of sexual assault on a child, three counts of aggravated incest, one count of sexual assault on a child by one in a position of trust as part of a pattern of sexual abuse, and one count of sexual assault on a child as part of a pattern of abuse. He was sentenced to an indeterminate term of fifty-two years to life in prison. The Colorado Court of Appeals affirmed his conviction and sentence on direct appeal. The Colorado Supreme Court denied certiorari review. Wilkinson sought postconviction relief in the Colorado trial court, but the state trial court denied all of his postconviction motions. The Colorado Court of Appeals affirmed the trial court's order denying postconviction relief, and the Colorado Supreme Court denied Wilkinson's petition for writ of certiorari in the postconviction proceedings.

On February 23, 2011, Wilkinson filed a habeas petition in federal district court, alleging seven claims for relief:

1. Counsel was ineffective during the plea bargaining process by failing to fully explain the benefits of the proposed plea agreement.
2. Counsel was ineffective during pretrial, trial, sentencing, and appellate proceedings because
   (a) Counsel failed to preserve Mr. Wilkinson's right to a preliminary hearing.
   (b) Counsel failed to protect Mr. Wilkinson's right to a speedy trial by failing to enter a timely plea of not guilty.
   (c) Counsel failed to conduct an adequate investigation, which led to exculpatory evidence not being presented.
   (d) Counsel failed to prepare for and object to the testimony of the prosecution's expert witness.
   (e) Counsel failed to endorse a defense expert to challenge the testimony of the prosecution's

2

expert witness.

    (f)     Counsel failed to obtain and compel essential testimony from the victim's mother.

    (g)     Counsel failed to research and understand the rules of procedure and evidence and the applicable law.

    (h)     Counsel failed to participate in the trial at an acceptable level.

    (i)     Counsel failed to exclude evidence of Mr. Wilkinson's sexual orientation.

    (j)     Counsel failed to develop any discernable theory of defense.

    (k)     Counsel on direct appeal failed to argue that Mr. Wilkinson was denied a fair trial because counsel failed to gain admissibility of social services reports that would have supported a theory of defense.

    (*l*)     Counsel on direct appeal failed to challenge the trial court's ruling barring statements made by the victim to the family therapist.

    (m)     Counsel on direct appeal failed to challenge the trial court's ruling permitting the claim that Mr. Wilkinson's unrelated travel to Florida constituted flight to avoid prosecution.

    (n)     Counsel on direct appeal failed to raise properly the issue of multiple convictions for one offense.

3.    His Sixth Amendment right to a fair and impartial jury was violated by admission of evidence of his sexual orientation.

4.    His Sixth Amendment right to compulsory process was violated by the trial court's failure to compel the victim's mother to appear and testify.

5.    His Sixth Amendment right to a speedy trial was violated.

6.    His right to a fair trial was violated when the trial court allowed an unendorsed expert witness to testify against him.

7.    His sentence was aggravated illegally in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).

3

R. at 707-08.

On August 2, 2011, the district court issued an order dismissing Wilkinson's habeas petition in part. The district court dismissed Wilkinson's claims 1, 2(a)-(c), (f)-(n), 3, 4, and 6 as unexhausted and procedurally barred because Wilkinson failed to raise those claims in his postconviction appeal with the Colorado Court of Appeals. Wilkinson raised these claims in a supplemental motion that was attached as an appendix to his brief to the Colorado Court of Appeals. Wilkinson referenced the supplemental motion in a footnote in his brief: "Every one of the IAC allegations in the motion and supplement . . . were proven at the hearing. For lack of space, this brief will not detail each and every one. The Supplement to the motion is attached as Appendix A." R. at 716-17. The district court found that the referenced motion in the brief's appendix did not satisfy the fair presentation requirement, and as such, the claims were not exhausted. Additionally, the district court found that claim three was unexhausted because that claim was not presented to the state courts as a federal constitutional claim and because Wilkinson presented to the state courts a different claim than he raised in federal court. The district court also found that claim six was unexhausted because it was not raised on direct appeal to the Colorado Court of Appeals as a federal constitutional issue.

On October 11, 2011, Wilkinson filed a Motion for Leave to Amend Application for a Writ of Habeas Corpus, asking the district court to reconsider its finding that several of his claims were unexhausted and procedurally barred. In the same motion, Wilkinson also sought leave to amend his habeas application to assert two additional claims for

4

relief. In claim eight, Wilkinson contended that his rights were violated when the trial court denied his motion for a new trial based on newly discovered evidence, and in claim nine, Wilkinson contended that his convictions on multiple counts violated double jeopardy. On February 13, 2012, the district court issued an order denying Wilkinson's motion to reconsider, denying his motion to amend the habeas application to add claim nine, and granting his motion to amend the habeas application to add claim eight. The district court found that Wilkinson's claim nine did not relate back to his claim seven because the two questions did not share a common core of operative facts.

On June 1, 2012, the district court denied Wilkinson's habeas petition in full and denied a COA.

## II. Analysis

Wilkinson seeks a COA on five issues: (1) whether the district court erred in its ruling that claims 1, 2(a)-(c), 2(f)-(n), 3, 4, and 6 were unexhausted and procedurally barred; (2) whether the district erred by unreasonably applying Strickland v. Washington, 466 U.S. 668 (1984), to Wilkinson's claims of ineffective assistance of state trial counsel and state appellate counsel; (3) whether the district court erred by unreasonably applying Barker v. Wingo, 407 U.S. 514 (1972), to his claim of a speedy trial violation; (4) whether the district court erred by unreasonably applying Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), to Wilkinson's claim that his sentence was unconstitutionally aggravated; and (5) whether the district court erred in its ruling that Wilkinson's claim nine, that his sentences violated double

5

jeopardy, was time-barred because it did not relate back to claim seven.

A petitioner seeking habeas relief must obtain a COA before this court may consider the merits of his appeal. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). To be entitled to a COA, Wilkinson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (quotations omitted).

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, this court will issue a COA only "if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

A.     Exhaustion

To obtain habeas relief, a petitioner must exhaust state remedies, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied "once [a] federal claim has been fairly presented

to the state courts." Picard v. Connor, 404 U.S. 270, 275 (1971). See also Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). Petitioners must present the claims as federal constitutional claims in state court in order to satisfy the exhaustion requirement. Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

The district court dismissed Wilkinson's claims 1, 2(a)-(c), 2(f)-(n), 3, 4, and 6 as unexhausted because an appellate brief referencing or implicitly incorporating a supplemental motion filed in the trial court fails to satisfy the fair presentation requirement. R. at 717-22. We agree. The Supreme Court has held that the exhaustion requirement is not satisfied when a petitioner's certiorari petition to the state supreme court does not assert claims that were brought in the state trial or appellate courts. Baldwin v. Reese, 541 U.S. 27, 31 (2004). It is not enough for exhaustion purposes that the state supreme court had the opportunity to read the lower state court opinions. Id. Similarly, this circuit has held that petitioners cannot incorporate by reference claims or arguments that they had made in filings with the district court. Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 623-24 (10th Cir. 1998) (holding that allowing litigants to adopt district court filings would "unnecessarily complicate the task of an appellate judge"); Argota v. Miller, 424 F. App'x 769, 771 (10th Cir. 2011) (declining to consider the petitioner's claims that he sought to incorporate "merely by referencing the § 2254 habeas petition that he filed in the district court"). We have also held that the

7

exhaustion requirement is not satisfied when the petitioner merely attached his state habeas petition and the state district court order to a writ of certiorari petition to the state supreme court. Jernigan v. Jaramillo, 436 F. App'x 852, 856-57 (10th Cir. 2011). Jurists of reason would not debate that the district court properly dismissed Wilkinson's claims 1, 2(a)-(c), 2(f)-(n), 3, 4, and 6 as unexhausted, and we deny a COA on this issue.

## B. Motion to Amend to Add Claim Nine

Wilkinson also appeals the district court's ruling denying his motion to amend his habeas petition to add claim nine. The district court found that claim nine was time-barred and that it did not relate back to claim seven because the two questions "d[id] not share a common core of operative facts." R. at 1027. We have held that

> an untimely amendment to a [habeas petition] which, by way
> of additional facts, clarifies or amplifies a claim or theory in
> the original motion may, in the District Court's discretion,
> relate back to the date of the original motion if and only if the
> original motion was timely filed and the proposed amendment
> does not seek to add a new claim or to insert a new theory into
> the case.

United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (quotation and alterations omitted); see also Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (applying Espinoza-Saenz's relation-back rule to § 2254 petitions). We conclude that the district court did not abuse its discretion in denying Wilkinson's motion to amend his habeas petition to add claim nine. In claim nine, Wilkinson alleged that his convictions on multiple counts violated double jeopardy, whereas in claim seven, Wilkinson alleged that his sentence was aggravated illegally in violation of Apprendi and

8

Blakely. Jurists of reason would not debate whether the district court's procedural ruling was correct, as Wilkinson's claim nine does not merely "clarif[y] or amplif[y] a claim or theory in the original motion." Espinoza-Saenz, 235 F.3d at 505 (quotation and alteration omitted). We deny a COA on the issue of whether district court erred in finding that claim nine was time-barred.

### C. Claims Dismissed on the Merits

Wilkinson argues that the district court erred by unreasonably applying Strickland to his claims of ineffective assistance of state trial counsel and state appellate counsel, that the district court erred by unreasonably applying Barker v. Wingo to his claim of a speedy trial violation, and that the district court erred by applying Apprendi and Blakely to his claim that his sentence was unconstitutionally aggravated.

This court has reviewed Wilkinson's application for a COA and appellate brief, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El and concludes that Wilkinson is not entitled to a COA on these claims. The district court's resolution of Wilkinson's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Wilkinson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

### D. Motion to Stay and Abey

While Wilkinson's COA petition was pending, he filed a Motion for Stay and Abeyance with this court on November 16, 2012, asking for a stay and abeyance of his

federal habeas petition. Wilkinson explains that on July 19, 2012, he filed a Motion to Correct Sentence with the state trial court, arguing that the sentence imposed was illegal on various grounds: (1) the court improperly imposed a sentence of mandatory parole; (2) the sentence imposed was illegal because the lower portion of the indeterminate sentence exceeds the statutory presumptive range; (3) the court lacked subject matter jurisdiction; (4) the complaint was substantially flawed; and (5) the court incorrectly advised the jury. On October 17, 2012, the state trial court granted only the first claim of his motion, and the state trial court ordered that the mittimus be amended to reflect discretionary parole for several counts of his conviction. The state trial court denied all other claims in his motion.

In his motion for a stay and abeyance, Wilkinson argues the correction of his sentence could have a direct effect on his federal habeas petition. Citing Rhines v. Weber, 544 U.S. 269, 275-77 (2005), Wilkinson argues that a federal court has the discretion to enter a stay and allow the state court to resolve issues in the first instance. As the Supreme Court explained in Rhines, stay and abeyance should only be allowed in limited circumstances and is only appropriate if the court finds "there was good cause for the petitioner's failure to exhaust his claims first in state court" and if the petitioner's unexhausted claims are potentially meritorious. Rhines, 544 U.S. at 277-78. We conclude that the state trial court's correction of Wilkinson's sentence has no effect on our denial of his COA on the issue of whether the district court erred in its ruling that claims 1, 2(a)-(c), 2(f)-(n), 3, 4, and 6 of his habeas petition were unexhausted and

10

procedurally barred. At the time that he filed his habeas petition with the federal district court, Wilkinson had failed to fully exhaust his state remedies because he had failed to satisfy the fair presentation requirement, and there was no good cause for Wilkinson's failure to exhaust his claims in the state court. We also conclude that the state trial court's correction of his sentence has no effect on our denial of his COA on the other four issues of his habeas petition. Accordingly, we deny Wilkinson's motion for a stay and abeyance.

### III. Conclusion

For the foregoing reasons, we DENY Wilkinson's application for a COA, DENY his motion for a stay and abeyance, and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge

11