FILED
United States Court of Appeals
Tenth Circuit

May 7, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK LEE WILKINSON,

      Petitioner - Appellant,

v.

SHIOBAN BURTLOW; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 20-1452
(D.C. No. 1:20-CV-01328-LTB-GPG)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BACHARACH**, **MURPHY,** and **CARSON**, Circuit Judges.

---

This matter is before the court on Mark Lee Wilkinson's pro se requests for

a certificate of appealability ("COA") and to proceed on appeal in forma pauperis.

He seeks a COA so he can appeal the district court's dismissal, on timeliness

grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A)

(providing no appeal may be taken from the dismissal of a § 2254 petition unless

the petitioner first obtains a COA); *id.* § 2244(d)(1) (setting out a one-year

limitations period running from the date on which the state conviction became

final). This court **grants** Wilkinson's request to proceed on appeal in forma

pauperis. Because, however, Wilkinson has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), we **deny** his request for a COA and **dismiss** this appeal.

Wilkinson was found guilty in Colorado state court of numerous counts of child sexual assault and incest. *See generally Wilkinson v. Timme*, 503 F. App'x 556, 557 (10th Cir. 2012). In the instant § 2254 habeas petition, Wilkinson asserts his counsel was ineffective during the plea bargaining process. In a thorough Report and Recommendation, a magistrate judge concluded Wilkinson's habeas petition was untimely. The magistrate judge further determined that Wilkinson was not entitled to either statutory or equitable tolling. Upon de novo review, the district court adopted the magistrate judge's Report and Recommendation and dismissed Wilkinson's habeas petition.

The obtaining of a COA is a jurisdictional prerequisite to Wilkinson's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a

§ 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Wilkinson has satisfied his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Wilkinson need not demonstrate his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay, we review for abuse of discretion the district court's decision that Wilkinson is not entitled to have the § 2244(d) limitations period equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Wilkinson's appellate filings, the magistrate judge's Report and Recommendation, and the district court order of dismissal, we conclude Wilkinson is not entitled to a COA. The district court's resolution of Wilkinson's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, there is no need for this court to repeat the analysis set out in the magistrate judge's well-stated Report and Recommendation. Instead, it is enough to note that Wilkinson's habeas petition is

clearly untimely and he has not demonstrated the types of extraordinary circumstances entitling him to equitable tolling, *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). Accordingly, this court **DENIES** Wilkinson's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge